UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ST. ANNES DEVELOPMENT CO., LLC, et al.,

                        Plaintiffs,         **ORDER**
                                                 CV 11-3323 (ADS)(ARL)

    -against-


NEIL TRABICH, et al.,

                        Defendants.
----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is plaintiffs' letter application dated June 24, 2011 seeking an order (i) requiring non-party witness Leah Trabich, daughter of judgment debtors/defendants Neil Trabich and Terry Trabich, to show cause as to why she should not be held in contempt for her failure to comply with plaintiffs' subpoena for her deposition and to produce the documents identified in the deposition notice; and (ii) directing Leah Trabich to produce all responsive documents within five (5) days and appear for her deposition on a date and time selected by Mr. Gould, plaintiffs' counsel in this post-judgment proceeding. Leah Trabich opposes the application by letter response dated June 27, 2011 and cross moves for (i) a determination as to the scope of the document demand and examination of the non party witness in proceedings supplementary to judgment; and (ii) to revoke the pro hac vice status of Steven B. Gould, Esq.[1] Plaintiffs oppose the non-party witness' cross motions by letter response dated July 8, 2011.

      That portion of plaintiffs' application seeking an order requiring Ms. Trabich to show cause as to why she should be held in contempt must be redirected to the district judge in accordance with the district court's individual rules regarding such motion practice. With respect to plaintiffs' application directing Ms. Trabich to appear for a deposition, counsel for Leah Trabich has informed the court that Ms. Trabich will appear for her deposition at a mutually agreeable date and time. Accordingly, plaintiffs' counsel and Ms. Trabich's counsel are directed to meet and confer to schedule Ms. Trabich's deposition on or before August 9, 2011. With respect to Ms. Trabich's cross motion to determine the scope of her examination at her deposition, the non-party's cross motion is denied as premature. The court cannot determine the scope of the examination prior to a question being posed to this witness. With respect to Ms. Trabich's cross-motion to determine the scope of the document demand set forth in plaintiffs' subpoena, notwithstanding the untimeliness of the motion, the court addresses Ms. Trabich's application. The proper scope of inquiry of a non-party witness in proceedings supplementary to judgment is information regarding the extent and location of assets of the judgment debtors. Thus, the document demand seeking (i) "[a]ll documents concerning Aaron Young, including any communications concerning Aaron Young"; (ii) "[a]ll documents concerning Peter Rubin

---

[1] By letter application dated July 11, 2011, Leah Trabich moves to withdraw that portion of her cross motion seeking the revocation of the pro hac vice status of Steven B. Gould. Ms. Trabich's motion is granted.

Young, including any communications concerning Peter Rubin"; (iii) "[a]ll documents concerning any litigation involving any of the following: Aaron Young, Peter Rubin, Saint Annes Development Company, LLC, AP Linds, LLC, Gordon Lenz, or Confer Bethpage, LLC"; and (iv) "[a]ll documents concerning any custodial bank accounts established in your name or for your benefit" is overly broad and beyond the purview of the permissible scope of this proceeding. Accordingly, Ms. Trabich is directed to produce the documents listed in Paragraphs 1, 5, 6, 8 and 9 of the subpoena. Ms. Trabich is to respond to the balance of the requests to the extent they seek information regarding assets, payments and the source of funds.

Dated: Central Islip, New York  **SO ORDERED:**
July 26, 2011

_____/s_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge