UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
SAINT ANNES DEVELOPMENT COMPANY,
LLC and AARON YOUNG,

              Plaintiffs,                  **ORDER**
                                                 11-CV-3323 (ADS)(ARL)

    -against-

NEAL TRABICH, TERRY TRABICH,
RONALD CORUZZI, and IRENE CORUZZI,

              Defendants.
----------------------------------------------------X

**APPEARANCES:**

**Rivkin Radler, LLP**
*Attorneys for the plaintiffs*
EAB Plaza
Uniondale, NY 11556
    By: Kenneth A. Novikoff, Esq., Of Counsel

**Terry Trabich, Pro Se**
*Appearing on behalf of herself and Neal Trabich*
1574 Laurel Hollow Road
Laurel Hollow, NY 11791

**NO APPEARANCE**
Ronald Coruzzi, Irene Coruzzi

**SPATT, District Judge**.

       On August 30, 2010, the Honorable William D. Quarles, Jr. of the United States District Court for the District of Maryland, entered a judgment in the matter of <u>Saint Annes Development Company, LLC, et al., v. Neal Trabich, et al.</u>, No. WDQ-07-1056, ("the Maryland Action") in favor of the plaintiffs Saint Annes Development Company, LLC ("SADC") and Aaron Young ("Young", and together with SADC, "the Plaintiffs") against the defendants Terry Trabich, Neal Trabich, Ronald Coruzzi and Irene Coruzzi ("the Defendants") in the following amounts: (1) $1,249,792.71 in compensatory damages and post-judgment interest in favor of SADC against

1

all of the Defendants, jointly and severally; (2) $1,750,000 in compensatory damages plus post-judgment interest in favor of SADC against Neal and Terry Trabich, jointly and severally; (3) $66,182.31 in compensatory damages plus post-judgment interest in favor of Young against Neal and Terry Trabich, jointly and severally; (4) $10,000 in punitive damages plus post-judgment interest in favor of Young against Neal Trabich; (5) $10,000 in punitive damages plus post-judgment interest in favor of SADC as against Neal and Terry Trabich, jointly and severally; and (6) $116,227.99 for attorneys' fees plus post-judgment interest in favor of SADC against all of the defendants, jointly and severally ("the August 30, 2010 Judgment"). On October 29, 2010, Judge Quarles issued an order granting the Plaintiffs leave to register the judgment in foreign jurisdictions. On November 5, 2010, the August 30, 2010 Judgment was registered with this Court pursuant to 28 U.S.C. § 1963.

Neal and Terry Trabich appealed the August 30, 2010 Judgment to the Fourth Circuit. On August 17, 2011, the United States Court of Appeals for the Fourth Circuit issued an order: (1) vacating the portion of the August 30, 2010 Judgment awarding $1,750,000 in compensatory damages plus post-judgment interest to SADC against Neal and Terry Trabich on one of SADC's breach of contract claims on the ground that the District Court had applied the incorrect legal standard on a motion for reconsideration; and (2) vacating the portion of the August 30, 2010 Judgment awarding $66,182.31 plus post-judgment interest to Young as against Terry Trabich on a fraud claim—but not the judgment as against Neal Trabich—on the ground that Terry Trabich was not named as a defendant in the relevant count of the complaint. See Saint Annes Dev. Co., Inc. v. Trabich, 443 F. App'x 829 (4th Cir. 2011) ("the Fourth Circuit Order"). The Fourth Circuit remanded the case with instructions for the District Court to re-decide the motion for

reconsideration by applying the correct legal standard and to explain in sufficient detail any basis for awarding fraud damages to Young as against Terry Trabich.  Id.

As a result of the Fourth Circuit Order, on September 7, 2011, defendants Terry Trabich and Neal Trabich filed separate motions in this action to dismiss the enforcement proceedings on the ground that, because the Fourth Circuit Order vacated a portion of the judgment against them and remanded the case, the August 30, 2010 Judgment was no longer an enforceable "final judgment".  The Plaintiffs opposed this motion, arguing that the Court was required to permit the Plaintiffs to continue their efforts to enforce the August 30, 2010 Judgment with respect to the amounts left undisturbed by the Fourth Circuit Order.

On October 18, 2011, the Plaintiffs moved in the instant action for an Order of Sale of a property owned by Terry Trabich, located at 1574 Laurel Hollow Road, Laurel Hollow, New York, 11791 ("the Property").  On November 23, 2011, Terry Trabich filed a cross-motion for a protective order preventing the sale of the Property.

On January 12, 2012, in the Maryland Action, Judge Quarles issued an order addressing the issues remanded by the Fourth Circuit, and again entered a judgment against the Defendants in favor of the Plaintiffs ("the January 12, 2012 Judgment").  In particular, Judge Quarles granted the motion by Neal and Terry Trabich for reconsideration of, but denied modification of, the partial summary judgment order, thereby reinstating the portion of the August 30, 2010 Judgment awarding SADC compensatory damages as against Terry Trabich and Neal Trabich in the amount of $1,750,000 plus post-judgment interest.  In addition, the court determined that judgment in favor of Young as against Terry Trabich on the fraud claim was improper because she was not named as a defendant on the fraud count in the complaint.  As a result, the only difference between the judgment entered on August 30, 2010 and the judgment entered on

January 12, 2012 is that Terry Trabich was not liable to defendant Young for $66,182.31 in compensatory damages plus post-judgment interest. Nevertheless, the January 12, 2012 Judgment now constitutes the final judgment in the Maryland Action and supplants the August 30, 2010 Judgment.

Thus, because the January 12, 2012 Judgment now constitutes the final judgment in the Maryland Action, the Court grants the motions by Neal Trabich and Terry Trabich to dismiss the enforcement proceeding against them to the extent the Plaintiffs seek to enforce the August 30, 2010 Judgment. The Court grants these motions solely for the procedural reason that the August 30, 2010 Judgment, the only judgment presently registered in this Court, has been superseded by the January 12, 2012 Judgment as the final judgment in the Maryland Action. As a result, the Court does not need to reach the question of whether the undisturbed portions of the August 30, 2010 Judgment remained enforceable following the Fourth Circuit Order.

However, this dismissal is without prejudice to the Plaintiffs' right to register and seek to enforce the January 12, 2012 Judgment in this Court within 30 days of the date of this order.

With respect to the Motion for an Order of Sale and the Cross-Motion for a Protective Order, for procedural purposes, both motions are denied as moot and without prejudice to renew within 30 days of the date that the January 12, 2012 Judgment is registered with this Court.

**SO ORDERED.**
Dated: Central Islip, New York
April 18, 2012

                                                           */s/ Arthur D. Spatt*
                                                          ARTHUR D. SPATT
                                               United States District Judge